### YODER Exr v LANDES et

Ohio Appeals, 9th Dist, Summit Co

No 2036. Decided Nov 16, 1931

Walter J. Mougey, Wooster, for plaintiff.
Waters, Andress, Hagelbarger, Wise & Maxon, S. C. Andress, Akron, Mountz & Mountz, Garrett, Indiana, Sigler & Denlinger, Dayton, for defendants.

662

**WASHBURN, J.**

It is conceded that under the will the brothers and sisters of the half blood are in the same relation to the estate as the brothers and sisters of the whole blood, and, as has been said, the only question is as to whether the beneficiaries take per capita or otherwise.

Item two of the will is as follows:

"Second: All the residue and remainder of my property, real and personal, of whatever kind or character, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my brothers and sisters or their heirs to be divided equally among them after my just debts and funeral expenses have been paid as provided in Item One herein."

The sole object of the court is to ascertain the intention of the testator, and that must be determined from the words used, construed in the light of established rules of construction, one of which is that ordinarily the language and each and every word used must be given its common, natural and ordinary meaning.

Did the testator intend that each child and grandchild of a deceased sister should take equally with a living brother or sister, or did he intend that the children and grandchildren of a deceased sister should take, as a class, the share that such deceased sister would have taken had she been alive?

It is claimed that the language "to be divided equally among them" cannot be ignored and must be given some effect, and as it plainly expresses an intention to give to all beneficiaries an equal share of the estate, such intention must prevail.

If each beneficiary had theretofore been named in the will and the gift of the residue had been of an "equal share" to "my aforesaid heirs," such conclusion would be justified (**Huston v Crook, 38 Oh St 328**); but such is not the situation in this case.

Likewise, if each beneficiary had theretofore been named in the will and the direction was that the residue "be divided equally among them," such conclusion would be justified (**McKelvey v McKelvey, 43 Oh St 213**); but again, such is not the situation in the case before us.

Again, if the bequest had been to a single class as the testator's "lawful heirs," without other or further designation as to who were intended as his beneficiaries, the direction that the estate "be equally divided among my lawful heirs, share and share alike," would require a per capita distribution (**Mooney v Purpus, 70 Oh St 57**); but such is not the situation in the instant case.

In the instant case, the testator, having seven living brothers and sisters and two deceased brothers and two deceased sisters, each with heirs, made his gift to "my brothers and sisters or their heirs"—plainly indicating that as to living brothers and sisters, the gift was to each of them and not to the heirs of any of them, and that the heirs of each of the deceased sisters should be substituted for them and the heirs of each of the deceased brothers should be substituted for them.

Then follows the language "to be equally divided among them," and it is claimed that "among them" refers to all beneficiaries as individuals; but we do not agree with such construction: we think "among them" refers to the units into which the estate is to be divided, to wit, eleven units represented by the seven living brothers and sisters, and the four groups of heirs substituted for the two deceased brothers and the two deceased sisters, and that the testator intended by the language used to require that as to such units the distribution should be equal and not that each beneficiary should take equally, thereby giving to a grandchild of a deceased sister the same as to a living brother or sister of the testator.

Disregarding the language as to equal division, the testator's intention to divide by said units clearly appears, and if the language as to equal division can be fairly construed to express an intention not inconsistent therewith, such intention should prevail; such construction does not ignore but gives effect to said equal·division language and to every part of the language used, and, it seems to us, carries out the intention expressed by the testator when consideration is given to all the language used by the testator and the circumstances under which such language was used.

According to our construction of the will, the estate should be divided into eleven equal parts, and one of such parts should be distributed to each brother and sister living at the time of the death of the testator, and one part should be distributed to each group of heirs of the brothers and sisters of the testator who were deceased at the time of his death, said groups of heirs taking per stirpes.

PARDEE, PJ and FUNK, J, concur.